1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                         **EASTERN DIVISION**

11

12   JAMES L. LOWRY,                    )     No. EDCV 06-1386 CW
                                        )
13                    Plaintiff,        )     DECISION AND ORDER
              v.                        )
14                                      )
     MICHAEL J. ASTRUE,                 )
15   Commissioner, Social Security )
     Administration,                    )
16                                      )
                      Defendant.        )
17   _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                       **I.  BACKGROUND**

25        Plaintiff James Lowry was born on May 19, 1963, and was forty-two

26   years old at the time of his administrative hearing. [Administrative

27   Record ("AR") 54, 299.]  He has a high school education and past

28   relevant work experience as a automobile service consultant,

                                   1

janitorial service trainer, automobile sales representative, retail store sales associate, landscape service supervisor and custodian. [AR 17, 18.]   Plaintiff alleges disability on the basis of seizures, tremors, pain, headaches and dizziness. [AR 72.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on December 14, 2006.  On June 15, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On August 16, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed a protective application for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") on August 15, 2003, alleging disability since May 5, 2003. [AR 12, 54; JS 1.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on January 9, 2006, before Administrative Law Judge ("ALJ") Jay Levine. [AR 299.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Corrine Porter. [AR 300.]  The ALJ denied benefits in a decision dated July 27, 2006.  [AR 19.]  When the Appeals Council denied review, the ALJ's decision became the Commissioner's final decision. [AR 5.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.   DISCUSSION

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

3

721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

1  prove that, considering residual functional capacity ("RFC")[1], age,

2  education, and work experience, a claimant can perform other work

3  which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

4  1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

5  **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

6  Here, the ALJ found that plaintiff had not engaged in substantial

7  gainful activity since his alleged disability onset date (step one);

8  that plaintiff had "severe" impairments, namely possible multiple

9  sclerosis with a history of seizure disorder, myalgia, weakness,

10 depression, numbness, paresthesia and vision disturbances (step two);

11 and that plaintiff did not have an impairment or combination of

12 impairments that met or equaled a "listing" (step three). [AR 14, 15.]

13 Plaintiff was found to have an RFC for unskilled sedentary work, which

14 would preclude a return to his past relevant work (step four). [AR 15,

15 17.]  The vocational expert testified that a person with plaintiff's

16 RFC could perform other work existing in significant numbers in the

17 national economy, including small-item assembler, charge out clerk and

18 production inspector (step five). [AR 18.]  Accordingly, plaintiff was

19 found not "disabled" as defined by the Social Security Act. [AR 19.]

20 **C.  ISSUES IN DISPUTE**

21 The parties' Joint Stipulation identifies two disputed issues:

22 1.  Whether the ALJ properly considered all of the available

23

24 [1]  Residual functional capacity measures what a claimant can
still do despite existing "exertional" (strength-related) and
"nonexertional" limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155
25 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
work without directly limiting strength, and include mental, sensory,
26 postural, manipulative, and environmental limitations. <u>Penny v.
Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155
27 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
28 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

1    medical evidence; and

2        2.    Whether the ALJ properly evaluated plaintiff's subjective

3              complaints and credibility.

4    [JS 2-3.]

5        As discussed below, Issue One is dispositive.

6        **D.    THE MEDICAL EVIDENCE**

7        During the administrative hearing, plaintiff testified that he

8    was diagnosed in 2003 with multiple sclerosis ("MS").[2] [AR 301.]  The

9    ALJ noted that there was no medical record contemporaneous with the

10   diagnosis, and plaintiff admitted that he did not remember undergoing

11   any tests for MS. [AR 301-02.]  The ALJ noted that there were no

12   diagnostic results in the record indicating MS and that up to "this

13   point now there's no clear confirmation of MS." [AR 304.]

14       A neurological examination performed in January 2004 resulted in

15   an assessment of an "ataxic gait" but "less likely it is MS." [AR

16   209.]  A consultative neurological evaluation performed in April 2004

17   noted plaintiff's complaints of multiple sclerosis and seizure

18   disorder. [AR 230.]  Upon examination of plaintiff's motor function,

19   it was noted that his gait was not remarkable, that he carried a cane

20   but did not appear to need it, that his extremities appeared to be in

21   the normal range of muscular power, and that plaintiff did not make a

22   maximal effort in muscle testing. [AR 231.]  Plaintiff received a

23

24       [2]  MS is a disabling impairment pursuant to the Listing of
     Impairments when one of three conditions is met: (1) disorganization
     of motor function in two extremities, resulting in sustained
25   disturbance of gross and dexterous movements, or gait and station; (2)
     visual or mental impairment; or (3) significant, reproducible fatigue
26   of motor function with substantial muscle weakness on repetitive
     activity, demonstrated on physical examination, resulting from
27   neurological dysfunction in areas of the central nervous sytem known
     to be pathologically involved by the multiple sclerosis process. 20
28   C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09.

1 diagnosis of history of epileptic seizures. [AR 232.]

2      During this period, plaintiff's treating physician, Dr. Agnes

3 Quion, repeatedly diagnosed plaintiff with MS.[3] [AR 253-58, 260-62,

4 265-67, 269.]   In December 2004, Dr. Quion referred plaintiff to a

5 neurologist, Dr. Noel Bernales. [AR 278.]   Dr. Bernales noted that a

6 prior neurological evaluation had been conducted with unknown results.

7 [AR 278.]   Upon physical and neurological examination, Dr. Bernales

8 concluded that plaintiff had a "possible demyelinating disease [such

9 as MS] with superimposed seizure disorder" and instructed the

10 plaintiff to produce all previous neurological testing completed up to

11 that time. [AR 279.]   In January 2005, Dr. Quion wrote a letter

12 stating that she had conferred with Dr. Bernales, who classified

13 plaintiff as suffering from a slow progressive type of MS. [AR 298.]

14 In a follow-up note written in October 2005, Dr. Bernales reminded

15 plaintiff of the need to obtain the previous records, to which

16 plaintiff became "irate, expressing that he had tried to do so but has

17 been unable." [AR 277.]   Plaintiff insisted on receiving treatment for

18 MS, but Dr. Bernales reminded him that "objective evidence of the

19 presence of the disease needs to be clearly determined before

20 initiating treatment." [Id.]   At that point, plaintiff became "upset"

21 and walked out of the room. [Id.]

22      In the administrative decision, the ALJ concluded that the

23 "medical evidence of record does not establish that the claimant has

24 multiple sclerosis" . . . "but rather only that he might have it." [AR

25

26    [3]   Dr. Quion completed a functional assessment questionnaire
stating that as a result of plaintiff's MS and other disorders, he
should be expected to stand or walk less than two hours during an

27 eight-hour workday, sit for about two hours in an eight-hour workday,
lift less than ten pounds rarely, and be absent from work more than

28 four days per month. [AR 295, 296.]

7

15.]  As for Dr. Quion's letter referring to Dr. Bernales' diagnosis
of MS, the ALJ noted that plaintiff had not cooperated with Dr.
Bernales' evaluation and that "the diagnosis of multiple sclerosis was
far from being properly established." [AR 17.]  Accordingly, the ALJ
declined to give Dr. Quion's findings any significant weight. [Id.]
Plaintiff contends that the ALJ failed to consider properly the
medical evidence. [JS 3.]

     An ALJ has a "special duty to fully and fairly develop the record
and to assure that the claimant's interests are considered . . . even
when the claimant is represented by counsel." Celaya v. Halter, 332
F.3d 1177, 1183 (9th Cir. 2003)(ellipsis in original) (quoting Brown
v. Heckler, 713 F.2d 441, 443 (9th Cir.1983)).  "Social Security
proceedings are inquisitorial rather than adversarial.  It is the
ALJ's duty to investigate the facts and develop the arguments both for
and against granting of benefits." Sims v. Apfel, 530 U.S. 103,
110-111, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000)(citing Richardson v.
Perales, 402 U.S. 389, 400-401, 91 S. Ct. 1420, 28 L. Ed. 842 (1971));
Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992)(per curiam).
Ambiguous evidence, or the inadequacy of the record to allow for
proper evaluation of the evidence, triggers a duty to develop the
record further.  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir.
2001).

     Here, the record is ambiguous as to whether plaintiff has MS,
triggering a duty to develop the record further.  Although the
administrative decision accurately notes that a diagnosis of MS has
not yet been properly established and has even been called into
question, neither has it been definitively ruled out; moreover,
plaintiff's treating physician has repeatedly made an assessment of

8

1   MS, and plaintiff's treating neurologist has indicated that such a

2   diagnosis is possible and that further evaluation is necessary.  In

3   view of these circumstances, further development of this issue is

4   necessary to make an informed decision regarding plaintiff's

5   entitlement to disability benefits.  See Hilliard v. Barnhart, 442 F.

6   Supp. 2d 813, 817 (N.D. Cal. 2006)(finding independent duty to develop

7   record when plaintiff merely "raised a suspicion" concerning an

8   alleged impairment)(citation omitted).  Accordingly, remand for

9   further proceedings is appropriate.

10        **E.   REMAND FOR FURTHER PROCEEDINGS**

11      The decision whether to remand for further proceedings is within

12   the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,

13   1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

14   further proceedings, or where the record has been fully developed, it

15   is appropriate to exercise this discretion to direct an immediate

16   award of benefits.  Harman, 211 F.3d at 1179 (decision whether to

17   remand for further proceedings turns upon their likely utility).

18   However, where there are outstanding issues that must be resolved

19   before a determination can be made, and it is not clear from the

20   record that the ALJ would be required to find the claimant disabled if

21   all the evidence were properly evaluated, remand is appropriate.  Id.

22   Here, as set out above, outstanding issues remain before a finding of

23   disability can be made.  Accordingly, remand is appropriate.

24

25

26

27

28

1

## VI.   ORDERS

2          Accordingly, **IT IS ORDERED** that:

3          1.    The decision of the Commissioner is **REVERSED**.

4          2.    This action is **REMANDED** to defendant, pursuant to Sentence

5    Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6    above.

7          3.    The Clerk of the Court shall serve this Decision and Order

8    and the Judgment herein on all parties or counsel.

9

10   DATED:   October 11, 2007

11                                   _____/S/_____
                                          CARLA M. WOEHRLE
12                                   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28